UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KEVIN LEE SMALL,

               Plaintiff,

         -against-

DANIEL T. HURT,

              Defendant.
---------------------------------------------------------------X

**SUA SPONTE REPORT AND RECOMMENDATION**
18-CV-01714 (GRB) (JMW)

**A P P E A R A N C E S:**

**Kevin Lee Small**
104 Grove Street
Hempstead, NY 11550
*PRO SE*

Sheharyar Ali, I, Esq.
**Nassau County Attorney's Office**
One West Street
Mineola, NY 11501
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

      Plaintiff Kevin Lee Small, proceeding *pro se*, commenced this action pursuant to 42 U.S.C § 1983 on March 19, 2018, against Defendant Daniel T. Hurt alleging he was frisked and touched inappropriately when brought into the Nassau County precinct for shoplifting. Since the commencement of the action over five years ago, *pro se* Plaintiff has appeared for only seven conferences[1] and has failed to comply with a multitude of Court orders. The Court has made abundantly clear that *pro se* Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that continued failure to abide by Court orders may result

---
[1] *See* ECF Nos. 19, 23, 28, 34, 50, 54, 74.

in the undersigned recommending to the district judge that this case be dismissed for the failure to prosecute. (ECF Nos. 23, 48, 50, 54, 87; *see* Electronic Order dated June 22, 2022.) Plaintiff has gone silent. Because those warnings were not heeded and in fact ignored, the Court now respectfully recommends to the Hon. Gary R. Brown that the action now be dismissed for failure to prosecute.

## BACKGROUND

Pro se Plaintiff's protracted history of non-compliance is worth noting. Shortly after Plaintiff commenced this action, Defendant's counsel advised the Court that Plaintiff was no longer incarcerated. (ECF Nos. 14-15.) On September 21, 2018, an Initial Conference was held before Magistrate Judge A. Kathleen Tomlinson, at which point all discovery was stayed pending the related criminal proceeding. (*See* ECF No. 19.) At the next status conference on July 1, 2019, Small admitted that he neglected to follow up with the Court about his criminal proceeding's status and he was informed that if he failed to comply with the Court's orders, the court will recommend to District Judge Joan M. Azrack that the case be dismissed. (ECF No. 23.) Thereafter, the court entered a discovery schedule to be completed in various stages. (*Id.*) At the following status conference, Plaintiff informed the Court that he had been reincarcerated and therefore unable to engage in discovery. (ECF No. 28.) Judge Tomlinson then adjusted the discovery schedule for an incarcerated Plaintiff. (ECF No. 28-1.) At a later status conference on December 19, 2019, Plaintiff stated that he expected to be released on January 1, 2020 and he would provide various documents to Defendant by January 22, 2020. (ECF No. 34.)

However, Plaintiff failed to appear at the next status conferences on January 28, 2020 (ECF No. 37) and February 28, 2020 (ECF No. 41.). The Court stated that it would be preparing a report

2

and recommendation to Judge Brown recommending that Plaintiff's case be dismissed.[2] (*Id.*) When Plaintiff failed to appear at the subsequent status conference before the undersigned, the Court cited Judge Tomlinson's warning and directed Defendant to serve the minute entry at Plaintiff's address and email address on file. (ECF No. 44.) Shortly thereafter, on December 22, 2021, Plaintiff filed a letter with the court (ECF No. 46) indicating that he was again incarcerated at the Nassau County Correctional Facility.

Despite Plaintiff's incarceration, Plaintiff was on notice that the status conference remained in effect. (Electronic Order dated Dec. 27, 2021; ECF No. 47.) However, Plaintiff again failed to appear at the January 28, 2022 conference and was warned that the undersigned may recommend dismissal to Judge Brown should be fail to appear at the next conference. (ECF No. 48.) When Plaintiff appeared at the next status conference (ECF No. 50), he was graciously warned *once again* that his case could be dismissed for future non-appearances.

On June 2, 2022 Defendant then filed a motion to dismiss for want of prosecution (ECF No. 52). At the July 19, 2022 status conference regarding the motion, Plaintiff stated that the Court should not recommend dismissal of his case because his inactivity was based on his frequent transfer between facilities but said he wished to proceed with prosecution of the matter. (ECF No. 54.) The Court gave him a final warning and denied Defendant's motion. (*Id.*)

Plaintiff failed to appear at the next status conference on October 24, 2022. (ECF No. 60.) Defendant's counsel informed the Court that Plaintiff was again incarcerated. (ECF No. 63.) However, it was only until February 27, 2023 that he informed the Court that he was no longer incarcerated. (ECF No. 68).

---

[2] The case was then reassigned to the undersigned. (*See* Electronic Entry dated Nov. 23, 2021.)

3

Plaintiff later failed to respond Defendant's pre-motion letter concerning summary judgment, which was extended three times. (Electronic Order dated Feb. 16, 2023; Electronic Order dated Feb. 28, 2023; Electronic Order dated Apr. 6, 2023.) Judge Brown[3] then referred to the undersigned all pre-trial proceedings and dispositive pre-trial motion. (Electronic Order dated Jan. 5, 2023.) The Court held the pre-motion conference, to which Plaintiff *did* appear, and the Court entered a briefing schedule on Defendant's anticipated motion for summary judgment. (ECF No. 74.) Plaintiff failed to appear at the next status conference. (ECF No. 80.)

On August 18, 2023, Defendant's counsel stated that he wished to terminate the motion for summary judgment. (ECF No. 82.) The Court then set a date for the final pre-trial conference. (Electronic Order dated Aug. 20, 2023.) At the final pre-trial conference held on October 17, 2023, Plaintiff failed to appear despite being put on notice. (ECF No. 87.) The Court again warned the Plaintiff about the recommendation to Judge Brown for his failure to prosecute and directed parties to file their joint proposed pre-trial order before the rescheduled final pre-trial conference. (*Id.*) The final pre-trial conference was rescheduled for November 1, 2023, and Plaintiff failed to appear and did not contact Defendant's counsel about the joint pre-trial order. (ECF No. 90.) Defendant's counsel confirmed that he had notice of this meeting (ECF No. 88) and could not be reached when counsel attempted to contact him. The Court then emphatically stated that it would be recommending dismissal to Judge Brown pursuant to Fed. R. Civ. P. 41(b). (*Id.*)

## DISCUSSION

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R.

---

[3] Judge Gary R. Brown was assigned to the case on January 31, 2020. (*See* Electronic Order dated Jan. 31, 2020).

4

Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Here, all of the factors weigh in favor of dismissal.

Regarding the *first* and *second* factors, Plaintiff has notoriously failed to comply with Court orders or otherwise appear at court-ordered conferences. Below is a summary of such non-compliance.

| Date/ECF No. | Description | Service Made/Date |
|---|---|---|
| *July 1, 2019* <br> *ECF No. 23* | Status Conference – Plaintiff failed to inform the Court of his criminal proceeding. He was advised that failure to comply with court orders could lead to a recommendation that the case be dismissed. | Yes <br> July 8, 2019 |
| *January 28, 2020* <br> *ECF No. 37* | Status Conference – Plaintiff did not appear and was directed to appear in person at the next conference to show cause why his case should not be dismissed. | Yes <br> January 29, 2020 |
| *February 28, 2020* <br> *ECF No. 41* | Show Cause Hearing – Plaintiff did not appear and the Court indicated that it would be preparing a Report and Recommendation for Judge Brown. | Yes <br> March 2, 2020 |
| *December 21, 2021* <br> *ECF No. 44* | Status Conference – Plaintiff did not appear. Defendant's counsel was directed to serve the order at Plaintiff's address and email address. | Yes <br> December 21, 2021 |
| *January 28, 2022* <br> *ECF No. 48* | Status Conference – Plaintiff did not appear and the Court ordered him to show cause as to why his case should not be dismissed at the next conference. | Yes <br> January 28, 2022 |

| | | |
|---|---|---|
| **October 24, 2022**<br>ECF No. 60 | Status Conference – Plaintiff did not appear and the Court discussed discovery. | Yes<br>October 24, 2022 |

Further, Plaintiff has been released from incarceration at least since February 27, 2023 when he appeared at the first status conference since his incarceration. (ECF No. 50.) Since then, he has been tardy in responding to Defendant's pre-motion conference letter despite being given several opportunities to oppose. And he failed to appear at a status conference on August 11, 2023 and at the last two final pre-trial conferences. (ECF Nos. 80, 87, 90.) Accordingly, these two factors weigh in favor of dismissal. *See Perez v. Edwards,* No. 20-cv-1359 (LJL), 2023 WL 5935029, at *1 (S.D.N.Y. Sept. 12, 2023) (dismissing plaintiff's case pursuant to Fed. R. Civ. P. 41(b) because plaintiff demonstrated a lack of interest in prosecuting his case and persistently failed to comply with several court-imposed deadlines).

*Third*, any further delay is likely to prejudice Defendant. Plaintiff has failed, without explanation, to take any action in this case for a significant period of time. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) ("Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'"). For example, Defendant's counsel has made efforts to complete the joint pre-trial order but has been stymied from filing same with the Court because of Plaintiff's lack of cooperation. Thus, this factor weighs in favor of dismissal.

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena v. Zazzle*, No. 21-CV-5819 (VEC) (RWL), 2022 WL 676009, at *4 (S.D.N.Y. Feb. 25, 2022). The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court orders or make

6

an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had numerous months to be heard, chances to cure his inaction, and warnings of possible dismissal. And still, he took no action. This indicates that is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective"). Further, given Plaintiff's *in forma pauperis* status (ECF No. 2; Electronic Order dated Mar. 26, 2018), it is unlikely monetary sanctions would be any more effective. *See Mannan v. Soc. Sec. Admin.*, No. 17-CV-06800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020) ("Given Plaintiff's in forma pauperis status, monetary sanctions cannot be relied on because the plaintiff is indigent.") (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that that this action be dismissed for Plaintiff's failure to prosecute.

## OBJECTIONS

Defendant's counsel is directed to serve a copy of this Report and Recommendation on Plaintiff on or before November 3, 2023. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure

to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
        November 2, 2023

                                **RESPECTFULLY RECOMMENDED:**

/s/ *James M. Wicks*
                              JAMES M. WICKS
                        United States Magistrate Judge